```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| KATHY JO KERANS, | ) |
|                  | ) No. CV-09-150-CI |
| Plaintiff,       | ) |
|                  | ) ORDER DENYING PLAINTIFF'S |
| v.               | ) MOTION FOR SUMMARY JUDGMENT |
|                  | ) AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, | ) MOTION FOR SUMMARY JUDGMENT |
| Commissioner of Social | ) |
| Security,        | ) |
|                  | ) |
| Defendant.       | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 12, 16.) Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for the Defendant.

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) in September 2006. (Tr. 121.) She alleged disability due to post traumatic stress disorder and depression with an onset date of January 31, 2006. (Tr. 114.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) R.S. Chester on September 3, 2008. (Tr. 30-71.) Plaintiff,

who was represented by counsel, and vocational expert Fred Cutler testified.  On October 22, 2008, ALJ Chester denied benefits; the Appeals Council denied review, and this appeal followed (Tr. 12-29, 1-4.)  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Commissioner's findings are upheld if supported by inferences reasonably drawn from the evidence.  *Batson v. Commissioner of Social Sec.*, 359 F.3d 1190, 11193 (9th Cir. 2004).  Nevertheless, a

decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

      detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

### STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 38 years old at the time of the hearing. (Tr. 40.) She had a 9th grade education, a high school equivalency degree and attended vocational school to become a phlebotomist. (Tr. 42.) She has past relevant work as a cashier/checker, fast food worker, phlebotomist and food server. (Tr. 64-66.) At the time of the hearing, Plaintiff was a widow and lived with her 18 year old son in a condominium. (Tr. 40.) She testified she last worked in January 2006, when she quit her job and moved into a women's shelter. (Tr. 50-51.) Plaintiff reported she was in prison for a year for possession of methamphetamine and cocaine. (Tr. 46.) She testified she had been drug free for ten years, except for a relapse in March 2006. (Tr. 46-47.) She stated she broke her two feet six weeks before the hearing, but that her physical problems would not prevent her from working. (Tr. 60.) She testified that "it is my head that keeps me from working." (*Id*.)

### ADMINISTRATIVE DECISION

The ALJ found Plaintiff was insured for DIB through March 31, 2008. At step one, he found Plaintiff had not engaged in substantial gainful activity since January 31, 2006, her alleged onset date. (Tr. 17.) At step two, he found Plaintiff had the severe impairments of "post traumatic stress disorder (PTSD) with possible panic disorder; depressive disorder; and history of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

substance addiction disorder (methamphetamine and heroin)." (*Id*.) He found Plaintiff's "rule out" mental disorders and other possible mental diagnoses in the record were non-severe. (Tr. 20.) He also found Plaintiff's diagnosed osteoporosis, thyroid condition, and lumbar disc problems were non-severe medically determinable impairments, *i.e.*, they do not have a significant impact on her ability to perform work activities. (Tr. 20-21.)

After a discussion of the medical evidence, the ALJ found Plaintiff's impairments, alone or in combination, did not equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 17-22.) At step four, he determined Plaintiff had the residual functional capacity (RFC) to work all exertional levels, "limited to simple routine, and repetitive tasks" with "limited interaction or non-collaborative interaction with public and co-workers." (Tr. 22.) The ALJ found Plaintiff's statements were not credible to the extent they were inconsistent with the RFC findings. Considering vocational expert testimony, the ALJ found Plaintiff could no longer perform her past relevant work. (Tr. 27.) At step five, he found there was a significant number of jobs in the general job category of hand packager that Plaintiff could perform; therefore, she was not under a "disability" as defined by the Social Security Act. (Tr. 27-28.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred when he: (1) found her physical impairments

were non-severe at step two; (2) improperly evaluated the medical evidence; (3) improperly assessed her credibility; (4) improperly assessed her RFC; and (5) failed to include all her limitations in the hypothetical presented to the VE at step five. (Ct. Rec. 13 at 9-13.)

**DISCUSSION**

**A.  Credibility**

Plaintiff argues without specificity that the ALJ's credibility determination "is not based on any convincing evidence." (Ct. Rec. 13 at 11.) An independent review of the record does not support this assertion. The ALJ thoroughly summarized Plaintiff's testimony, written questionnaires, three function reports and statements to medical providers and made extensive, specific credibility findings explaining why he discounted Plaintiff's allegations to the extent they were inconsistent with the final RFC assessment. (Tr. 23-26.)

Although credibility determinations are the sole province of the ALJ, when the adjudicator finds a claimant's statements regarding the severity of impairments and limitations are not credible, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Richardson,* 402 U.S. at 400; *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Nonetheless,

> [a]n ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be

> available for the asking, a result plainly contrary to 42
> U.S.C. § 423 (d)(5)(A). . . . This holds true even where
> the claimant introduces medical evidence showing that he
> has an ailment reasonably expected to produce <u>some</u> pain;
> many medical conditions produce pain not severe enough to
> preclude gainful employment.

*Fair*, 885 F.2d at 603.  Further, in assessing credibility, the ALJ does not need to totally reject or accept a claimant's statements. Based on consideration of all the evidence in the record, the ALJ may find the claimant's statements regarding limitations, symptoms, and pain credible "to a certain degree."  *SSR* 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in her allegations of limitations or between her statements and conduct; daily activities and work record; and

testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597 at n.5. The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604.

Here, the ALJ found Plaintiff's statements that she was fearful of leaving home due to panic attacks were inconsistent with her written answers in the record and her reports to examining medical sources. For example, she reported going on two cross-country trips by airplane to Tennessee within the last year without adverse incidents. (Tr. 25, 62-63.) He also found she did not mention an inability to get along with other people to health providers or in written reports, and she stated she enjoyed working with her phlebotomy clients. (Tr. 25, 148-49, 232.) Other inconsistencies referenced by the ALJ were reports that she spent time out of the house socializing routinely with neighbors, walking her dog, going to the store. (Tr. 25.) In addition, the ALJ noted inconsistencies in her testimony regarding mental health treatment and side effects of medication. (Tr. 26.) Significantly, Plaintiff was less than candid about prior incarcerations and her use of illegal drugs within the last ten years, failing to report relapses involving heroin to examining psychologists and the ALJ at the hearing. ( Tr. 25-26.) Lack of candor involving drug abuse is in itself a "clear

and convincing" reason to discount credibility. *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999). As noted by the ALJ, Plaintiff was also inconsistent regarding her continuation of an abusive relationship and history of self-mutilation. (Tr. 26.)

Plaintiff has made no showing that the ALJ erred in his reasoning. The ALJ's credibility findings are specific, legally sufficient, and supported by the entire record. (*See, e.g.*, Tr. 46-47, 178, 231-32, 269.)

**B.   Step Two: Severe Impairments**

Plaintiff argues the ALJ erred at step two when he found her diagnosed osteoporosis and lumbar problems were non-severe. (Ct. Rec. 13 at 9.)  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).  The ALJ then determines whether the medically determinable impairment significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

An impairment may be found to be non-severe when "medical evidence establishes only a slight abnormality or a combination of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *SSR* 85-28.[1]  Medical evidence alone is evaluated in assessing severity. (*Id.*)  "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  Basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

Here, the ALJ did not err in his step two findings.  As found by the ALJ, Plaintiff specifically stated at the hearing that her physical impairments did not prevent her from working.  (Tr. 60-61.)  In addition, she did not include physical limitations caused by the diagnosed lumbar problems or osteoporosis in her application for benefits.  (Tr. 20, 114, 140.)  Further, Plaintiff does not reference medical evidence to support her contention that her physical impairments significantly limit her ability to perform basic work activities.  Plaintiff's statements on appeal, which are inconsistent with her statements to the ALJ, are insufficient to establish severity at step two.  *SSR* 85-28.

**C.   RFC Assessment**

Plaintiff next contends the ALJ's RFC assessment is erroneous

---

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

because her physical impairments prevent her from working at heavy and medium exertion levels and her mental impairments were more limiting than assessed by the Commissioner. (Ct. Rec. 13 at 9-11.) As discussed above, the ALJ did not err in finding Plaintiff's physical impairments were non-severe.[2]  Further, an independent review of the record indicates the ALJ's RFC determination is supported by substantial evidence in the entire record.

In evaluating a disability claim, the adjudicator must consider all medical evidence provided. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). In evaluating medical source opinions, a treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial

---

[2] Even assuming the evidence established Plaintiff could not perform medium or heavy work, this claimed RFC error is harmless because the VE identified jobs in the national economy Plaintiff could perform at a light exertion level. (Tr. 68.) Correction of the error would not alter the final determination of non-disability. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). No special significance is given to a medical source opinion on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Further, where ALJ's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

Plaintiff argues the ALJ did not give proper weight to the opinions of examining psychologist Joyce Everhart, Ph.D., and non-examining agency psychologist, Sean Mee, Ph.D.,[3] in assessing her RFC. (Ct. Rec. 13 at 10-11.) In support of this argument, Plaintiff references only Dr. Everhart's comment that Plaintiff would have difficulties with persistence "which could interfere with attendance" during the workweek. (*Id.* at 10.) Plaintiff also asserts the ALJ did not properly include Dr. Mee's findings that she may have problems with new and complex material and "may also become distracted by coworkers and would perform better in work environment with few and familiar employees." (Ct. Rec. 13 at 10.) However, an independent review of the reports prepared by Dr. Everhart and Dr.

---

[3] The findings of non-examining agency psychologists must be treated as expert opinion evidence of non-examining sources by the ALJ, who can give weight to these opinions only insofar as they are supported by evidence in the case record. *SSR* 96-6p. The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Lester*, 81 F.3d at 830-31; *Andrews,* 53 F.3d at 1043.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Mee reveals no reversible error in the ALJ's evaluation of their medical source opinions, or in his final RFC determination.

In February 2007, Dr. Everhart examined Plaintiff and administered Trails A and B testing which, as noted by the ALJ, scored within normal limits. (Tr. 26, 230-34.) Dr. Everhart observed Plaintiff as mildly depressed, anxious and evasive in her answers. (Tr. 232, 233.) Although Dr. Everhart opined Plaintiff was likely to have some difficulty with persistence, she did not opine Plaintiff was incapable of all work. Rather, she noted Plaintiff's conversation skills were good, thought process was logical and coherent, and attention, concentration and intellectual ability were within normal limits. (*Id.*) Objective testing did not show difficulty with executive function, but Dr. Everhart concluded Plaintiff would have difficulty working with the public as well as difficulty with complex multi-step tasks. (*Id.*) The ALJ's RFC assessment reasonably reflects Dr. Everhart's findings, in that he found Plaintiff (1) could not interact with the public or work in a collaborative setting, and (2) was restricted to simple, routine, repetitive tasks. (Tr. 22.) As is the case with Dr. Everhart's findings, the ALJ also factored the moderate limitations identified and explained by Dr. Mee into his RFC assessment. (*Id.*, 298-300.) Further, the ALJ's RFC assessment properly took into account the record in its entirety and Plaintiff's credible statements.

The ALJ was not obliged to reject the opinions of Dr. Mee or Dr. Everhart because they are consistent with the final RFC determination and the requirements of the jobs identified by the VE. The RFC assessment represents a reasonable interpretation of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

record as a whole and thus may not be disturbed. *Tackett*, 180 F.3d at 1097.

**D.   Step Five - Vocational Expert Testimony**

At step five, the burden of proof shifts to the Commissioner to show there are a significant number of jobs in the national economy that Plaintiff can still perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005.) Plaintiff contends the Commissioner did not meet his burden because (1) he did not include all of her limitations in the hypothetical presented to the VE, and (2) he disregarded the VE's opinion that one to two days of absenteeism per month would preclude work. (Ct. Rec. 13 at 12.)

As discussed above, the ALJ properly discounted Plaintiff's allegations of agoraphobia and inability to leave her home. (Tr. 25.) He also discounted the severity of her self-reported symptoms, due, in part, to her lack of candor regarding her drug use. (Tr. 26.) Further, the ALJ's step two findings and RFC determination are legally sufficient and supported by substantial evidence.

The ALJ was not obliged to include limitations in the hypothetical that are not supported by the record. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1164 (9th 2001). Plaintiff cites no evidence to support inclusion of absenteeism from work two times a month. The hypothetical upon which the VE based his opinions is identical to the ALJ's final RFC, which is supported by the record. (Tr. 66.)

The VE testified the hypothetical individual could perform light, unskilled jobs in the generic category of hand packaging jobs, which exist in significant numbers in the national economy. (Tr. 68.) The ALJ did not err in relying on this testimony. *Bayliss*, 427 F.3d at 1217.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED.**

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Defendant**.

DATED March 30, 2010.

        S/ CYNTHIA IMBROGNO
     UNITED STATES MAGISTRATE JUDGE